U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

CLERK, U.S. DISTRICT COURT
By _____
     Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

GABRIEL EMILIO CUAUHTLI § 
ALARCON, §
 §
    Plaintiff, §
 §
VS. § NO. 4:08-CV-205-A
 §
CHASE HOME FINANCE, LLC, §
 §
    Defendant. §

## MEMORANDUM OPINION
### and
### ORDER

On May 8, 2008, defendant, Chase Home Finance, LLC, filed a motion for summary judgment in the above-captioned action. Though a response to such motion was due on May 28, 2008, plaintiff, Gabriel Emilio Cuauhtli Alarcon, had not responded as of the signing of this memorandum opinion and order. Having considered defendant's motion, the summary judgment evidence, and applicable authorities, the court concludes that defendant's motion for summary judgment should be granted as set forth below.

I.

### Plaintiff's Claims

Plaintiff alleges that defendant wrongfully foreclosed on his home, located at 7006 Port Phillip Drive in Arlington,

Texas.[1] Consequently, plaintiff now seeks damages for defendant's alleged: failure to recognize or act in accordance with the power of attorney plaintiff executed in favor of his wife; violations of the federal Fair Debt Collection Practices Act and the Texas Deceptive Trade Practices Act; negligent misrepresentation; breach of the deed of trust, the forbearance agreement, and the duty of good faith and fair dealing; unjust enrichment; fraud; and damages from the "grossly inadequate" foreclosure sale and on the basis of respondeat superior.

II.

The Motion for Summary Judgment

Defendant maintains that (1) plaintiff's wife, as a non-lawyer, cannot represent him in this matter; (2) plaintiff's claims are barred by res judicata; (3) plaintiff's claims are barred in part by the doctrine of collateral estoppel; and (4) plaintiff's claims are barred in part by the statute of limitations based on the improper filing by plaintiff's non-lawyer spouse.

---

[1] In the opening paragraph of the complaint plaintiff states that he is represented in this action by his wife, Nanette Cuauhtli. However, the complaint is purportedly signed by plaintiff, and in a telephone conference with the court and all parties on May 29, 2008, plaintiff indicated that he is representing himself in this action.

III.

Facts

The facts set forth below are undisputed in the summary judgment record:[2]

Plaintiff and Nanette Cuauhtli ("Cuauhtli") are husband and wife. Plaintiff is presently incarcerated in the Huntsville Unit of the Texas Department of Criminal Justice.

Plaintiff signed a promissory note dated November 19, 1999, in the amount of $80,000, payable to the order of Chase Manhattan Mortgage Corporation. Plaintiff simultaneously executed a deed of trust, encumbering the property at 7006 Port Phillip Drive, Arlington, Texas 76002 ("Property"). Plaintiff and his wife resided at the Property during their marriage, and Cuauhtli resided there until defendant foreclosed on the home on April 4, 2006.

On May 8, 2006, Cuauhtli filed a lawsuit in state district court, styled Nanette Cuauhtli v. Chase Home Finance LLC, in which she sought damages arising from defendant's alleged wrongful foreclosure of the Property. Defendant removed the state

---

[2]Factual details concerning the transactions and correspondence between the parties that relate to the underlying foreclosure action are set forth in detail in the court's previous memorandum opinion and order, see Def.'s App. Summ. J. Ex. 1-B at 10-21.

court case to this court, where it was assigned cause number 4:06-CV-472-A. On December 26, 2006, defendant filed a motion for summary judgment, contending Cuauhtli had no standing to pursue the wrongful foreclosure claim, but even if she did, the foreclosure was proper.

On February 22, 2007, this court granted the motion, holding that the presumption of community property between husband and wife conferred standing on Cuauhtli to file the wrongful foreclosure action, but nevertheless concluding that the foreclosure action was not improper. The court dismissed all of Cuauhtli's claims with prejudice, and entered final judgment against her in the action.[3]

On March 27, 2008, plaintiff filed the present action, seeking damages resulting from the alleged wrongful foreclosure of the Property.

## IV.

### Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a

---

[3] Cuauhtli appealed to the Fifth Circuit, which affirmed the judgment on October 31, 2007. See Cuauhtli v. Chase Home Finance LLC, 252 F. App'x 690 (5th Cir. 2007).

4

matter of law. Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. <u>Anderson</u>, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the nonmoving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. <u>Anderson</u>, 477 U.S. at 256. To meet this burden, the nonmovant must "identify specific evidence in the record[] and [] articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." <u>Forsyth v. Barr</u>, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. <u>Anderson</u>, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. <u>Simmons v. Lyons</u>, 746 F.2d 265, 269 (5th Cir. 1984).

V.

Analysis

"Federal law determines the res judicata effect of a prior federal court judgment." Russell v. SunAmerica Sec., Inc., 962 F.2d 1169, 1172 (5th Cir. 1992); Robinson v. Nat'l Cash Register Co., 808 F.2d. 1119, 1124 (5th Cir. 1987). Res judicata

> provides that when a final judgment has been entered on the merits of a case, "[i]t is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

Nevada v. United States, 463 U.S. 110, 129-30 (1983) (quoting Cromwell v. County of Sac, 94 U.S. 351, 352 (1876)). Application of res judicata is only proper if the four following elements are met:

> 1. the parties must be identical in the two suits;
>
> 2. the prior judgment must have been rendered by a court of competent jurisdiction;
>
> 3. there must be a final judgment on the merits; and
>
> 4. the same cause of action must be involved in both cases.

Russell, 962 F.2d at 1172.

6

Defendant acknowledges that the parties to the two actions are not identical, but nevertheless argues that plaintiff and his wife are in privity and therefore, res judicata applies to bar the present action.[4]

Although the general rule is that a nonparty is not bound by a judgment rendered in litigation to which he was not a party, the Supreme Court has recognized certain exceptions, including, applicable here, where a nonparty was "adequately represented by someone with the same interest who was a party to the suit." Taylor v. Sturgell, __ U.S. __, 2008 WL 2368748 at *10 (U.S. June 12, 2008)(internal quotations and citations omitted). "Representative suits with preclusive effect on nonparties include. . .suits brought by trustees, guardians, and other fiduciaries. . . ." Id. The summary judgment record establishes that a fiduciary relationship existed between plaintiff and Cuauhtli.

In Texas, a fiduciary duty exists between a husband and wife generally, see Matthews v. Matthews, 725 S.W.2d 275, 279 (Tex.

---

[4]Defendant's motion uses the term, and attempts to establish, "privity" as to plaintiff and Cuauhtli. The term privity itself is not a reason to bind a nonparty to a prior judgment. See Southwest Airlines Co. v. Texas Intern. Airlines, 546 F.2d 84, 95 (5th Cir. 1977). Rather, it is a "legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application" of res judicata. See id. Federal courts considering res judicata questions typically disregard the label and analyze the relationship between the parties. See id. n. 40.

App. -- Houston [1st Div.] 1986, writ ref. n.r.e.), and specifically regarding the community property controlled by each spouse. See Loaiza v. Loaiza, 130 S.W.3d 894, 900-01 (Tex. App. -- Fort Worth 2004, no pet.). In Texas, property possessed by either spouse during the marriage is presumed to be community property. Tex. Fam. Code Ann. § 3.003(a) (Vernon 2006). Therefore, the Property is presumptively community property, and plaintiff's own complaint admits as much. Compl. ¶ 9. Accordingly, a fiduciary relationship exists between plaintiff and Cuauhtli as spouses and as to the Property.

Additionally, in Texas, "a power of attorney creates an agency relationship, which is a fiduciary relationship as a matter of law." Vogt v. Warnock, 107 S.W.3d 778, 782 (Tex. App. -- El Paso 2003, pet. denied). On September 19, 2004, plaintiff executed a power of attorney in favor of Cuauhtli, thereby establishing a fiduciary relationship on this alternative basis. Attach. to Compl.

The court is satisfied that a fiduciary relationship exists between plaintiff and Cuauhtli that is within the "limited circumstances" contemplated by the Supreme Court whereby a nonparty may be bound through a representative suit by a party with the same interests. See Taylor at *10. Accordingly, the

8

court concludes that the fiduciary relationship provides identity of the parties for res judicata purposes.[5]

As to the fourth res judicata element, the Fifth Circuit applies the transactional test to determine whether two suits involve the same claim such that res judicata applies to bar the second suit. See Eubanks v. FDIC., 977 F.2d 166, 171 (5th Cir. 1992). "Substance, not technicalities, governs the application of this test." Robinson, 808 F.2d at 1125. A court must examine the substance of the actions, not their form. Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1503 (11th Cir. 1990). The critical issue is not the plaintiff's theory of recovery or relief requested, but rather whether the two actions are based on the same nucleus of operative facts. Matter of Howe, 913 F.2d 1138, 1144 (5th Cir. 1990). If a case arises out of the same nucleus of operative facts, or is based upon the same factual predicate, as a former action, the two cases are really the same claim or cause of action for the purposes of res judicata. Citibank, N.A., 940 F.2d at 1503. Res judicata bars all claims that were or could have been brought in the former action, not

---

[5]The second and third res judicata elements are easily satisfied: the prior judgment was properly rendered through this court's diversity jurisdiction, and on February 22, 2007, this court rendered a final judgment on the merits in the prior action.

just those that were actually litigated. <u>Matter of Howe</u>, 913 F.2d at 1144.

In both cases, the central issue before the court is whether defendant wrongfully foreclosed on the Property. In fact, the general allegations in both suits are almost identical and involve the same nucleus of facts. Further, although the present action purportedly asserts new causes of action not found in the prior action, all of the causes of action relate to the wrongful foreclosure and each could have been brought in the prior action.[6] Therefore, the fourth and final element of res judicata is present.

Plaintiff did not respond to defendant's motion and has failed to suggest any reasons why res judicata should not bar this suit. The court, therefore, concludes that res judicata bars plaintiff from maintaining this suit.

Because the court has concluded that the principles of res judicata bar plaintiff's suit, the court need not address the remaining grounds of defendant's motion.

---

[6]Cuauhtli in fact attempted to assert some of the new causes of action found in the present action in her appeal of the prior action to the Fifth Circuit. The Fifth Circuit rejected this attempt to raise the issues for the first time on appeal. <u>See Cuauhtli</u>, 252 F. App'x at 692.

## VI.
## Order

For the reasons discussed above, the court concludes that the motion for summary judgment filed by defendant, Chase Home Finance, LLC, should be granted.

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiff, Gabriel Emilio Cuauhtli Alarcon, in the above-captioned action be, and are hereby, dismissed with prejudice.

SIGNED June 20, 2008.

JOHN MCBRYDE
United States District Judge